UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Timothy James Nolan,
Lisa Marie Nolan,

DEBTORS.
_____/

CHAPTER 13
CASE NO. 22-43272-MLO
JUDGE MARIA L. OXHOLM

## TRUSTEE'S AMENDED OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and amends objections to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1. Trustee has not been provided with proof of Debtor husbands income and Debtor spouses' income as required by 11 USC Section 521 and Local Bankruptcy Rule 2003-2. Without those documents, the Plan does not evidence compliance with 11 USC Section 1325(b), 11 USC Section 1325(a)(3) and 11 USC Section 1325(a)(6).

2. Debtor husband and Debtor spouse both testified at the First Meeting of Creditors that each has obtained new employment. The Trustee requests the Debtors amend Schedules I and J to reflect the Debtors' new employment and further provide current proof of the Debtors' sources of income so the Trustee can determine if the Debtors' Plan complies with 11 U.S.C. § 1325.

3. Debtors' Schedule A/B values the Debtors' residential real estate at $350,000.00 resulting in a calculated liquidation amount of $0.00. Based on an average of the internet valuation websites, the property has a market value of at least $451,000.00 which results in a liquidation value of Debtors' estate at $51,449.66. The Plan must provide a minimum dividend to Class 9 general unsecured creditors of $51,449.66 to comply with 11 U.S.C. Section 1325(a)(4).

4. The Plan does not provide that all projected disposable income be utilized to fund the Plan. Specifically, Schedule J has overstated the following

expense(s) and/or the expenses are not reasonable and necessary as required by 11 U.S.C. §1325(b)(2) and therefore, the Plan does not comply with 11 U.S.C. §1325(a)(3) and 11 U.S.C. §1325(b)(1)(B). *See also In re Okoreeh – Baah,* 836 F.2d. 1030 (6th Cir. 1988), and *In re Caldwell*, 895 F.2d 1123 (6th Cir. 1990):

      a. Telephone, Cell, internet, Satellite, cable. $524/Month.

      b. Food & Housekeeping Supplies. $1800/Month. The Trustee requests the Debtors provide objective documentation regarding the necessity for such a large food and housekeeping supply expense for a family of four to be provided no less than fourteen (14) days prior to the scheduled confirmation hearing.

      c. Chemicals and Gas for hot tub for health reasons. $100.00/month. The Trustee requests the Debtors provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence the necessity of such expenses.

      d. Kids School Stuff. $125/Month. The Trustee requests the Debtors provide objective documentation to be provided no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

      e. Transportation. $700/Month. The Trustee requests the Debtors provide objective documentation to be provided no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

5. Based upon the proof of claim filed by U.S. Bank Trust National Association, (Proof of Claim 14-1), the creditor asserts an arrearage obligation of $54,452.56, however, the Debtors fail to treat this obligation in the Debtors' Chapter 13 Plan. Accordingly, the Debtors' Plan fails to comply with 11 U.S.C. §1325.

6. The amount of the proposed funding in the Plan is not sufficient to pay all claims as proposed in the Plan (the Plan is underfunded). Therefore, the Plan does not provide for the submission of sufficient future earnings or future income for the execution of the Plan as required by 11 U.S.C. §1322(a)(1).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the Debtors' Chapter 13 Plan unless modified to meet these objections or, in the Court's discretion, dismiss the Chapter 13 Case pursuant to 11 U.S.C. § 1307(c) or provide such other relief as this Court deems appropriate.

                                        OFFICE OF THE CHAPTER 13 STANDING
                                        TRUSTEE, DAVID WM. RUSKIN

Dated: August 30, 2022     By: ___/s/ Lisa K. Mullen___
                                        DAVID Wm. RUSKIN (P26803), Trustee
                                        LISA K. MULLEN (P55478), Staff Attorney
                                        JOHN P. KAPITAN (P61901), Staff Attorney
                                        1100 Travelers Tower, 26555 Evergreen Road
                                        Southfield, MI 48076-4251
                                        (248) 352-7755

**IN RE:**

| | |
|---|---|
| Timothy James Nolan, | CHAPTER 13 |
| Lisa Marie Nolan, | CASE NO. 22-43272-MLO |
|                DEBTORS. | JUDGE MARIA L. OXHOLM |

_____/

**CERTIFICATE OF SERVICE OF TRUSTEE'S AMENDED OBJECTIONS TO
<u>CONFIRMATION OF CHAPTER 13 PLAN</u>**

I hereby certify that on August 30, 2022, I electronically filed the TRUSTEE'S AMENDED OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

> DANIELA DIMOVSKI ATTORNEY AT LAW PC
> 42627 GARFIELD ROAD SUITE 213
> CLINTON TOWNSHIP, MI 48038-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

> Timothy James Nolan
> Lisa Marie Nolan
> 45563 Thorn Tree Ln
> Macomb, MI 48044-0000

> <u>/s/ Vanessa Wild</u>
> Vanessa Wild
> For the Office of David Wm. Ruskin,
> Chapter 13 Standing Trustee - Detroit
> 1100 Travelers Tower
> 26555 Evergreen Road
> Southfield, MI 48076-4251
> (248) 352-7755